## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES J. SCHAFER,** | ) |
| **Individually and as member of** | ) |
| **314 CHARLESTON BLVD, LLC;** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **DENNIS CROSBY;** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW** Charles J. Schafer, individually and as managing member of 314 Charleston Blvd, LLC, by and through his undersigned attorney, and would allege and show unto this Honorable Court as follows:

## PARTIES AND JURISDICTION

1.  Charles J. Schafer (hereinafter referred to as "Schafer"), is a citizen of the State of New York.

2.  Dennis Crosby (hereinafter referred to as "Crosby"), is a citizen of the County of Jefferson, Alabama.

3.  314 Charleston Blvd, LLC is a limited liability company organized and existing pursuant to the laws of the State of South Carolina and doing business in South Carolina, and the ownership of the LLC is comprised solely of 3 individual members, including Schafer and Crosby.

4.	Schafer is a citizen of New York; Crosby is a citizen of Alabama; 314 Charleston Blvd, LLC has its principal place of business in South Carolina.  The amount in controversy, exclusive of interests and costs, exceeds the sum or value specified in 28 U.S.C. §1332.

**FACTS**

5.	On the 3rd day of April, 2005, 314 Charleston Blvd, LLC was organized under the laws of the State of South Carolina pursuant to the provisions of the South Carolina Uniform Limited Liability Company Act of 1996.

6.	Schafer holds 16.65 % membership interest in 314 Charleston Blvd, LLC; and, Crosby holds 16.65 % membership interest in 314 Charleston Blvd, LLC.

7.	Schafer is the managing member of 314 Charleston Blvd, LLC, and was at all times pertinent to this cause of actions, its managing member.

8.	314 Charleston Blvd, LLC was formed for the purpose of building a house at 314 Charleston Boulevard, Isle of Palms, South Carolina.

9.	314 Charleston Blvd, LLC held an account at Wachovia Bank, which is now doing business as Wells Fargo Bank.

10.	Schafer made numerous deposits into the aforementioned bank account from funds received on rentals of property held by 314 Charleston Blvd, LLC.

11.	After Wells Fargo assumed control over Wachovia Bank, Schafer, without notice, was told by a Wells Fargo employee that Schafer was no longer allowed access to the financial accounts of 314 Charleston, Blvd., LLC.

12.	At the time Schafer was denied further access to the 314 Charleston Blvd, LLC account, upon information and belief, the account contained no less than $217,000.00.  In

addition, Crosby and Schafer entered into a settlement agreement with the Estate of a former member of 314 Charleston Blvd., LLC, and received a settlement of $50,000.00. Schafer was advised by Crosby that those funds were placed into a separate financial account.

13. On April 28, 2014, Schafer, by and through his attorney, made a demand on Crosby for an accounting of all funds and expenditures of 314 Charleston Blvd, LLC.

14. On April 7, 2016, Schafer, by and through his attorney, made another demand on Crosby for an accounting of all funds and expenditures of 314 Charleston Blvd., LLC.

15. Crosby has not provided said accounting to Schafer as of the time of filing.

16. Schafer is entitled to an accounting and at least one-half of the funds contained in the 314 Charleston Blvd, LLC accounts.

17. Crosby has denied Schafer access to the books for 314 Charleston Blvd, LLC and their respective accounts and has failed to account for any transactions all in derogation of the right of Schafer.

18. Schafer made loans and advances to 314 Charleston Blvd., LLC, which have not been fully repaid.

## FOR A FIRST CAUSE OF ACTION
**(Accounting)**

19. Schafer realleges the allegations of the proceedings paragraphs as through fully restated herein.

20. Upon information and belief, the assets and the funds of 314 Charleston Blvd, LLC have been and are being misappropriated by Crosby who is actively siphoning off 314 Charleston Blvd., LLC funds for his own use.

21. Upon information and belief, the assets and funds of 314 Charleston Blvd, LLC are not being used in a manner designed to benefit 314 Charleston Blvd, LLC, but solely and exclusively for the benefit of Crosby.

22. As a Member of 314 Charleston Blvd, LLC, Schafer is entitled access to the books, financial statements, bank accounts, and other information related to the assets and liabilities of 314 Charleston Blvd, LLC.

23. Crosby has prevented Schafer from accessing 314 Charleston Blvd, LLC's financial records.

24. Schafer has made demand upon Crosby for an accounting, but has not been successful.

25. Pursuant to the provisions of S.C. Code § 33-16-104, Schafer is entitled to an account and to production by Crosby of the books, financial statements, invoices, and other information related to the assets and liabilities of 314 Charleston Blvd, LLC.

## FOR A SECOND CAUSE OF ACTION
**(Breach of Fiduciary Duty)**

26. Schafer realleges the allegations of the preceding paragraphs as though fully restated herein.

27. Pursuant to S.C. Code Ann. § 33-8-420 and § 33-8-300, Crosby, as a member of 314 Charleston Blvd, LLC, owes a fiduciary duty to 314 Charleston Blvd, LLC and to Schafer as a member of each.

28. Crosby has breached his fiduciary duty in numerous respects, including, but not limited to the following:

4

      a.      Failing to honor mutually agreed upon compensation agreement between Schafer and 314 Charleston Blvd, LLC;

      b.      Failing to keep and maintain adequate business records on behalf of 314 Charleston Blvd, LLC, including receipts and expenditures made by and on behalf of 314 Charleston Blvd, LLC;

      c.      Mismanaging the property and assets of 314 Charleston Blvd, LLC;

      d.      Converting assets of 314 Charleston Blvd, LLC for personal use;

      e.      In other particulars that will be shown through discovery and/or trial of this matter.

29. Schafer has been damaged by Crosby's breach of fiduciary duties, and is entitled to damages in an amount to be determined by the trier of fact, and to an award of punitive damages sufficient to deter Crosby from engaging in such acts in the future.

## FOR A THIRD CAUSE OF ACTION
**(Conversion)**

30. Schafer realleges the allegations of the preceding paragraphs as though fully restated herein.

31. The funds existing in the accounts of 314 Charleston Blvd, LLC are for the sole purpose of furthering the interest of 314 Charleston Blvd, LLC.

32. Schafer as a 16.65 % member of 314 Charleston Blvd, LLC, has an interest in the LLC's finances expended by Crosby.

33. Crosby misappropriated 314 Charleston Blvd, LLC assets by moving LLC assets to accounts in which Schafer is unable to access and without Schafer's knowledge.

34.     The use of these LLC assets by Crosby was without Schafer's permission and was in derogation of Schafer's rights in the funds.

35.     Crosby is liable to Schafer for conversion, in an amount as yet unknown, but to be determined by the trier of fact following a full accounting, and for an award of punitive damages sufficient to deter Crosby from engaging in such activity in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Schafer prays for a jury trial in this matter; that the Court inquire into the matter set forth above, and enter judgment dissolving 314 Charleston Blvd, LLC, and liquidating its assets, for an accounting of the books and financial record of 314 Charleston Blvd, LLC, an award of compensatory damages in an amount to be determined by the trier of fact and sufficient to compensate Schafer for his losses incurred as a direct and proximate result of Crosby's breaches of fiduciary duty, for any and all membership distributions and salary that were wrongfully withheld, and for punitive damages in an amount sufficient to deter commission of the same or similar acts in the future; and an award of compensatory damages in an amount to be determined by the trier of fact and sufficient to compensate Schafer for his losses incurred as a direct and proximate result of the wrongful acts of conversion and self-dealing committed by Crosby, and for punitive damages in an amount sufficient to deter commission of the same or similar acts in the future. Schafer also prays for an award of attorney's fees and costs (as same is allowed by South Carolina law) sustained by Schafer in this matter, and for any other legal and equitable relief allowed by law that this Court deems just, prudent, and proper.

>/s/ Carl E. Chamblee, Jr.
>CARL E. CHAMBLEE, JR. (ASB-7777-C28C)
>ATTORNEY FOR PLAINTIFF, CHARLES J. SCHAFER

OF COUNSEL:

CHAMBLEE & MALONE, LLC
ATTORNEYS AT LAW
5582 APPLE PARK DRIVE
BIRMINGHAM, ALABAMA 35235
(205) 856 - 9111
FACSIMILE:   (205) 854 – 3292
cchambleejr@alabamalawyer.org


## REQUEST FOR JURY TRIAL

Plaintiff request trial by jury on all issues that are triable by jury.

>/s/ Carl E. Chamblee, Jr.
>CARL E. CHAMBLEE, JR. (ASB-7777-C28C)
>ATTORNEY FOR PLAINTIFF, CHARLES J. SCHAFER


Plaintiff's Address:

c/o Carl E. Chamblee, Jr.
CHAMBLEE & MALONE, LLC
5582 Apple Park Drive
Birmingham, Alabama     35235

Defendant's Address:

Dennis Crosby
1505 Kestwick Drive
Hoover, Alabama   35226-2238