## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES J. SCHAFER, individually and as a member of 314 Charleston Blvd., LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 2:16-cv-01637-SGC |
| DENNIS CROSBY, | ) ) ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter concerns a dispute between two members of a limited liability company, 314 Charleston Blvd, LLC (the "LLC").  The Amended Complaint invokes federal diversity jurisdiction exclusively.  (Doc. 26 at 2).  The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (Doc. 16).  Presently pending is the motion filed by the defendant, Dennis Crosby, to dismiss the Amended Complaint.  (Doc. 28).  The motion is fully briefed and is ripe for adjudication.  (Docs. 32, 33).  As explained below, the motion is due to be granted in part and denied in part.

## I.     BACKGROUND

The plaintiff, Charles Schafer, initiated this matter by filing a complaint in this court on October 5, 2016.  (Doc. 1).   In response to the initial complaint,

Crosby filed a motion to dismiss or, alternatively, for a more definite statement. (Doc. 7). The court granted the motion to the extent it sought a more definite statement to clarify the basis for federal subject matter jurisdiction. (Doc. 25).[1] In particular, the order noted it was unclear whether the plaintiff was asserting derivative claims on behalf of the LLC. The order further noted the assertion of derivative claims would require joinder of the LLC, necessarily destroying complete diversity of citizenship. (*Id.* at 2-3).

Schafer subsequently filed the Amended Complaint. (Doc. 26).[2] While the Amended Complaint adds details regarding the LLC's formation, purpose, and activities, it also includes some of the same ambiguous language making it unclear whether it asserts claims that are derivative in nature. (*Id.*). Crosby responded with a motion to dismiss, including the same arguments presented in the motion to dismiss the original complaint and presenting the additional ground that complete diversity is lacking because Schafer's claims are derivative in nature. (Doc. 28). Schafer's response to the motion to dismiss includes a request to strike portions of the Amended Complaint which could be construed as asserting derivative claims. (Doc. 32 at 2). Crosby replied. (Doc. 33).

---

[1] The order denied the motion to dismiss without prejudice. (Doc. 25 at 3).

[2] The Amended Complaint was quickly followed by an addendum correcting the document number of certain citations to the record. (Doc. 27).

The Amended Complaint alleges the LLC was formed under South Carolina law on April 3, 2005. (Doc. 26 at 2). Originally, the LLC had three members: the two parties to this matter, each holding a 16.65% interest; and Bruce Ibs, who held the remaining interest. (*Id.*). The LLC was created to purchase an investment property located in Charleston, South Carolina. (*Id.*). Shafer and Crosby each invested $170,000 to obtain a $1,003,000 mortgage from Bank of America to purchase the property. (*Id.* at 3). Plans to destroy and replace the existing structure did not come to fruition, and it was used as a rental property; Ibs performed work to improve the property, increasing its value. (*Id.* at 2-3). With the increased value of the property, Schafer and Crosby obtained and personally guaranteed a $900,000 equity line from Bank of America. (*Id.* at 3). Crosby and Schafer used the equity line to repay themselves for their original down-payments and deposited the remaining equity line funds into the LLC's checking account with Bank of America. (*Id.*).

Ibs passed away in September 2006, and Bank of America subsequently foreclosed on the property. (Doc. 26 at 2-3). Crosby and Shafer had claims against Ibs's estate, which they settled in exchange for $50,000 and the extinguishment of Ibs's interest in the LLC. (*Id.* at 3). Following the settlement, Crosby and Schafer were the sole members of the LLC, each holding a 50% interest. (*Id.*). The $50,000 settlement with Ibs's estate was paid to Crosby. (*Id.*).

At some point, Crosby closed the LLC's checking account with Bank of America and transferred the remaining equity line funds to an account with Wachovia. (*Id.*).

On September 19, 2011, Bank of America sued Schafer and Crosby in Jefferson County Circuit Court on the equity line. (Doc. 26 at 3). Shafer was dismissed from the lawsuit and Crosby eventually settled with Bank of America for an unknown amount of unknown origin. (*Id.* at 3-4). Meanwhile, Schafer repeatedly deposited rental proceeds from the property into the LLC's Wachovia checking account. (*Id.* at 4). Shafer also made loans to the LLC which have not been repaid. (*Id.* at 5). After Wells Fargo assumed control over Wachovia, it informed Schafer he was no longer allowed to access the LLC's accounts. (*Id.* at 4). At that time, the balance of the LLC's account was at least $217,168.17. (*Id.*). Additionally, Crosby deposited the $50,000 settlement proceeds from the estate of Ibs into a separate account. (*Id.*).

On April 28, 2014, and again on April 7, 2016, Schafer made a demand on Crosby for an accounting of the LLC's funds and expenditures. (Doc. 26 at 4). Crosby did not respond to either demand. (*Id.* at 5). Crosby also denied Schafer access to the LLC's books and has failed to account for the LLC's financial transactions. (*Id.*). The Amended Complaint claims Schafer is entitled to half of the LLC's funds and also generally alleges Crosby: (1) has misappropriated funds

in the LLC's bank accounts; (2) is withdrawing those funds for his personal use; and (3) failed to honor a compensation agreement with Shafer. (*Id.* at 5-7). On these facts, the Amended Complaint asserts claims for an accounting, breach of fiduciary duty, and conversion. (*Id.* at 5-8).

## II.    STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

To survive a motion to dismiss for failure to state a claim on which relief may be granted brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* (*citing Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (quotation marks omitted).

## III.   DISCUSSION

As explained below, the undersigned concludes: (1) this court has jurisdiction over the claims presented in the Amended Complaint; (2) the claim for conversion—governed by Alabama law—is due to be dismissed; and (3) the motion to dismiss is due to be denied as to the remaining claims, which are governed by South Carolina law.[3]

### A.   Federal Subject Matter Jurisdiction

The undersigned is satisfied the Amended Complaint includes a sufficient invocation of federal diversity jurisdiction. While the Amended Complaint does include language which could be interpreted as asserting derivative claims on behalf of the LLC, it does not do so definitively. Schafer's request to strike

---

[3] The record includes the LLC's Operating Agreement, which notes the LLC is organized under South Carolina law and provides that claims arising under the agreement are governed by South Carolina law. (Doc. 15-1 at 1, 38).

potentially problematic language and his explicit disavowal of any derivative claims clarifies the ambiguity in this regard. South Carolina law, which governs this action, provides for direct claims by a member of an LLC against another member under the theories asserted here. S.C. STAT. ANN. §§ 33-44-408, 409, 410. Accordingly, the court interprets the Amended Complaint as alleging only direct claims by Schafer against Crosby. Because the parties are citizens of different states, the Amended Complaint satisfies the requirement of complete diversity of citizenship.

Because there is a basis for federal subject matter jurisdiction over the claims asserted in the Amended Complaint, the claim seeking an accounting survives without further discussion; the only basis on which the motion to dismiss attacks this claim is the theory that Schafer's claims are derivative in nature. Crosby's arguments concerning the claims for conversion and breach of fiduciary duty will be addressed below.

B. **Failure to State a Claim**

Crosby contends the Amended Complaint's claims for conversion and breach of fiduciary duty fail to satisfy the pleading standards under *Iqbal* and *Twombly*. (Doc. 28 at 5-9). The arguments regarding each claim are addressed in turn.

### 1. Conversion

The Amended Complaint alleges the $50,000 settlement funds belonged to both Schafer and Crosby, were paid to Crosby, and were deposited by Crosby into an account to which Schafer did not have access. The Amended Complaint also claims Crosby transferred the LLC's bank account from Bank of America to Wachovia and that Shafer was subsequently denied access to the account. While not explicitly alleged, the Amended Complaint arguably raises the reasonable inference that Crosby directed Wells Fargo to deny Shafer access to the account.

Because Shafer's direct claim for conversion does not arise under the LLC's Operating Agreement, it is not subject to the choice of law provision designating South Carolina law. The motion to dismiss cites Alabama law without discussing choice of law principles; Shafer does not object to Crosby's invocation of Alabama law or suggest the claim is governed by other law. As explained below, the conversion claim is indeed governed by Alabama law.

In determining choice of law issues, a district court sitting in diversity must apply the substantive law of the forum state. *E.g. Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941). For tort claims, Alabama courts adhere to the rule of *lex loci delicti*. "Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the

injury occurred." *Fitts v. Minnesota Min. & Mfg. Co.,* 581 So. 2d 819, 820 (Ala. 1991); *Ex parte U.S. Bank Nat'l Ass'n*, 148 So. 3d 1060, 1069 (Ala. 2014). Courts sitting in Alabama have held "[t]he legal injury occasioned by the tort of conversion is deemed to occur where the actual conversion takes place." *Mercantile Capital, LP v. Fed. Transtel, Inc.*, 193 F. Supp. 2d 1243, 1250 (N.D. Ala. 2002) (quoting *United States v. Swiss Am. Bank, Ltd.,* 191 F.3d 30, 37 (1st Cir. 1999). "The conversion occurs, in turn, where the unlawful dominion occurs." *Id.* (citing *Cycles, Ltd. v. W.J. Digby, Inc.,* 889 F.2d 612, 619 (5th Cir. 1989); *Ex parte Ford Motor Credit Co.,* 597 So. 2d 714, 715 (Ala. Civ. App. 1992); *Jay Pontiac, Inc. v. Whigham,* 485 So. 2d 1171, 1174 (Ala. Civ. App. 1986)).

Here, the Amended Complaint is silent regarding where Crosby committed the alleged acts of wrongful dominion. However, the Amended Complaint does allege Crosby is an Alabama citizen. (Doc. 26 at 1). The court interprets the Amended Complaint as alleging Crosby was in Alabama when he deposited the settlement check from Ibs's estate and when he closed the LLC's account with Bank of America and subsequently directed Wells Fargo to deny Shafer access to the LLC's bank account. Accordingly, Shafer's conversion claim is governed by Alabama law. *See Mercantile Capital*, 193 F. Supp. 2d at 1250.

Under Alabama law, a claim for conversion requires "a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an

illegal use or misuse of another's property." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1303 (11th Cir. 2010) (citing *Covington v. Exxon Co.,* 551 So. 2d 935, 938 (Ala. 1989); *Ex parte Anderson,* 867 So. 2d 1125, 1129 (Ala. 2003)). "The Alabama Supreme Court has repeatedly held that an action for the conversion of money is improper unless there is earmarked money or specific money capable of identification." *Id.* at 1303-04 (citing *Hensley v. Poole,* 910 So. 2d 96, 101 (Ala. 2005); *Campbell v. Naman's Catering, Inc.,* 842 So. 2d 654, 659 (Ala. 2002); *Gray v. Liberty Nat'l Life Ins. Co.,* 623 So. 2d 1156, 1160 (Ala. 1993); *Covington,* 551 So. 2d at 938; *Limbaugh v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 732 F.2d 859, 862 (11th Cir. 1984)).

For purposes of conversion, Alabama courts have provided examples of specific and identifiable money as including "money in a bag, coins or notes that have been entrusted to the defendant's care, or funds that have otherwise been sequestered, and where there is an obligation to keep intact and deliver this specific money *rather than to merely deliver a certain sum.*" *Edwards*, 602 F.3d. at 1304 (quoting *Gray,* 623 So. 2d at 1160, and citing *Hensley,* 910 So. 2d at 101). Accordingly, where money is the object of a conversion claim, a plaintiff must allege the defendant converted specific bills or coins to which the plaintiff was entitled. *Id.* (citing *Lewis v. Fowler,* 479 So. 2d 725, 727 (Ala. 1985)). Where a complaint merely alleges the defendant owes an amount of money—even an exact

amount—rather than specific bills or specie, it fails to state a claim for conversion under Alabama law. *Id.*

Here, the Amended Complaint alleges Crosby deposited the proceeds from the settlement with the estate of Ibs into an account to which Shafer did not have access. It also arguably gives rise to the inference that Crosby directed Wells Fargo to deny Schafer access to funds in the LLC's bank accounts, to which Schafer was entitled. However, the Amended Complaint does not allege Crosby wrongfully withheld specific coins or bills rightfully belonging to Schafer. Therefore, it does not state a claim for conversion under Alabama law.

### 2. Breach of Fiduciary Duty

Because the claim for breach of fiduciary duty arises under the Operating Agreement—which includes a choice of law provision designating South Carolina law—it is governed by South Carolina law. (Doc. 15-1 at 38). To state a claim for breach of fiduciary duty under South Carolina law, a plaintiff must allege "(1) the existence of a fiduciary duty, (2) a breach of that duty, and (3) damages proximately resulting from the wrongful conduct of the defendant." *Turpin v. Lowther,* 745 S.E.2d 397, 401 (S.C. Ct. App. 2013) (citing *RFT Mgmt. Co. v. Tinsley & Adams, L.L.P.*, 732 S.E.2d 166, 173 (S.C. 2012)).

South Carolina law imposes fiduciary duties between members of LLCs. S.C. CODE ANN. § 33-44-409. Among the statutory duties imposed on South Carolina LLC members are:

(1) to account to the company and to hold as trustee for it any property, profit, or benefit derived by the member in the conduct or winding up of the company's business or derived from a use by the member of the company's property, including the appropriation of a company's opportunity;

(2) to refrain from dealing with the company in the conduct or winding up of the company's business as or on behalf of a party having an interest adverse to the company; and

(3) to refrain from competing with the company in the conduct of the company's business before the dissolution of the company.

S.C. CODE ANN. § 33-44-409(b). Likewise, a member of an LLC owes the other members the duty of care to refrain from "engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law." *Id.* at § 409(c). South Caroling law "allows a member of an LLC to maintain an action against the company or another member or manager for legal or equitable relief to enforce that member's rights under the operating agreement and under South Carolina law." *Jensen v. Thompson*, No. 17-4014, 2018 WL 1440329, at *22 (D.S.D. Mar. 22, 2018). The statutory duty to provide fellow members with an accounting is explicitly incorporated in the LLC's Operating Agreement here. (Doc. 15-1 at 35).

Here, the Amended Complaint alleges Crosby refused to provide an accounting, misappropriated funds rightly belonging to Schafer—both the proceeds

from the settlement with the estate of Ibs and loans Schafer made to the LLC—and refused to pay Shafer under a compensation agreement. These allegations are sufficient to state a plausible claim for breach of fiduciary duty under South Carolina law. *See* S.C. CODE ANN. §§ 33-44-409(b), (c). To the extent Crosby contends the Amended Complaint's allegations are not sufficiently specific, claims for breach of fiduciary duty are not subject to a heightened pleading standard. (*See* Doc. 28 at 8). Accordingly, the claim for breach of fiduciary duty is not subject to dismissal for failure to state a claim.

### C. <u>Timeliness of Breach of Fiduciary Duty Claim</u>

Finally, Crosby argues the claim for breach of fiduciary duty is time-barred. Crosby contends Shafer's breach of fiduciary duty claim is subject to the shorter of two limitation periods: (1) within three years of accrual; or (2) within two years of constructive knowledge of the claim. (Doc. 28 at 9-10). Crosby's argument focuses on the Amended Complaint's allegation that Shafer demanded an accounting on April 28, 2014, and that Crosby did not respond. (*Id.*). Crosby contends this series of events put Schafer on notice—or reasonably should have— of the events giving rise to his claim. Because Schafer did not initiate this lawsuit until two-and-a-half years later, Crosby contends the claim is time-barred. (*Id.*).

It appears the claim for breach of fiduciary duty is actually subject to the three-year statute of limitations set forth in section 15-3-530(5) of the *South*

*Carolina Code. See Walbeck v. The I'On Co., LLC*, ---S.E.2d---, 2018 WL 3748668, at *6 (S.C. Ct. App. *entered* Aug. 8, 2018). The statutes Crosby cites providing for the alternative two-year limitation period running from discovery of the cause of action pertain to shareholder and creditor actions against corporate directors and officers—not lawsuits between two members of an LLC. (*See* Doc. 28 at 9-10) (citing S.C. CODE ANN. §§ 33-8-300, 420). The Amended Complaint—as subsequently clarified by Shafer and construed above—presents Schafer's direct claims against Crosby. Accordingly, it does not appear the statutes providing a shortened, two-year limitation period running from the date of constructive notice, apply here. Because Shafer filed the initial complaint less than three years after Crosby failed to respond to his first demand for an accounting, it appears the claim for breach of fiduciary duty is timely. S.C. CODE ANN. §15-3-530(5).

Additionally, even if the statute providing for the alternative two limitation period applied in this case, dismissal under Rule 12(b)(6) would be inappropriate. While a statute of limitations defense may be asserted in a motion to dismiss, dismissal is only appropriate where the claims are clearly time-barred on the face of the complaint. *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982). Here, the point at which Shafer reasonably should have known of the basis for his claims does not appear on the face of the complaint. Accordingly,

dismissal under Rule 12(b)(6) would be inappropriate. *See Beach Cmty. Bank v. CBG Real Estate LLC*, 674 F. App'x 932, 934 (11th Cir. 2017) (reversing 12(b)(6) dismissal of claim as time-barred because factual issues existed regarding when limitation period triggered by constructive notice began to run).

Accordingly, Schafer's claim for breach of fiduciary duty is not due to be dismissed as time-barred.

## IV. CONCLUSION

For all of the foregoing reasons, Crosby's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 28). Specifically, the motion is **GRANTED** as to Schafer's claim for conversion, which is **DISMISSED** for failure to state a claim. The motion is **DENIED** as to Schafer's claims for an accounting and for breach of fiduciary duty.

The parties are **ORDERED** to file an amended Rule 26(f) report within fourteen calendar days.

**DONE** this 5th day of November, 2018.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE